IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNEST MONDRAGON and
JEREMY MONDRAGON,

        Plaintiffs,

vs.                                             No. CIV-01 0651

STATE OF NEW MEXICO, ex rel.,
NEW MEXICO STATE POLICE, an                     LESLIE C. SMITH
Agency of the State of New Mexico;
THE CITY OF ALBUQUERQUE;
ALBUQUERQUE POLICE DEPARTMENT;                  WILLIAM W. DEATON
JERRY GALVIN, Albuquerque Police Chief;
OFFICER ROBERT DILLEY; and
ALBUQUERQUE POLICE OFFICERS
WHOSE TRUE NAMES ARE UNKNOWN,

        Defendants.

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS

COME NOW the Plaintiffs, Ernest Mondragon and Jeremy Mondragon, by and through counsel, Anthony James Ayala, to prosecute this Complaint against the Defendants for violations of the Federal Civil Rights, 42 U.S.C. § 1983, and the New Mexico Tort Claims Act, § 41-4-1, et al., N.M.S.A. 1978.

For their Complaint, the Plaintiffs hereby state as follows:

1.    That at all times material herein Plaintiffs were residents of the City of Albuquerque, County of Bernalillo, State of New Mexico.

2.    The New Mexico State Police ("Defendant State Police") is an agency of the State of New Mexico and at all times material herein acted through its agents, servants and employees in the course and scope of employment with and in furtherance of the

business of Defendant. Defendant State Police was acting under color of state law when it violated the Plaintiffs' constitutional rights and proximately caused damages. The New Mexico State Police was exercising its authority in its individual capacity while violating the Plaintiffs' constitutional rights and proximately caused damages.

3. The City of Albuquerque ("Defendant City") is a city which is a municipal corporation existing in the State of New Mexico and was acting under color of state law when it violated the Plaintiffs' constitutional rights and proximately caused damages. The City of Albuquerque was exercising its authority in its individual capacity while violating the Plaintiffs' rights and proximately caused damages.

4. The City was a governmental entity and employer within the meaning of the New Mexico Tort Claims Act and was the employer of Defendants Galvin, Dilley and Albuquerque Police Department Officers Whose True Names are Unknown.

5. Defendant Albuquerque Police Department ("APD") is an entity created by state law and was operating under the color of state law when it violated the Plaintiffs' constitutional rights and proximately caused damages. Defendant APD was exercising its police authority in its individual capacity while violating the Plaintiffs' constitutional rights and proximately caused damages.

6. At all times material herein, Defendant City of Albuquerque, by and through its entity, the Albuquerque Police Department, hired, trained, supervised and disciplined Defendants Galvin, Dilley, and APD Officers Whose True Names are Unknown.

7. Defendant Jerry Galvin is the duly appointed Police Chief for the Albuquerque Police Department and was acting under color of state law when he violated the Plaintiffs' constitutional rights and proximately caused damages. Galvin was acting in his individual capacity while violating the Plaintiffs' constitutional rights and proximately caused damages.

8. Defendant Robert Dilley is employed as an Albuquerque Police officer, and through information and belief was currently assigned to the New Mexico State Police and was acting under the color of state law as a law enforcement officer while violating the Plaintiffs' constitutional rights and proximately caused damages. Dilley was acting in his individual capacity while violating the Plaintiffs' constitutional rights and caused damages.

9. Defendants Albuquerque Police Officers Whose True Names are Unknown were employed as Albuquerque Police officers and were acting under the color of state law as law enforcement officers while violating the Plaintiffs' constitutional rights and proximately caused damages. Unknown APD Officers were acting in their individual capacities while violating the Plaintiffs' constitutional rights and proximately caused damages.

10. At all times material herein, Defendant State of New Mexico, by and through its agency, the New Mexico State Police, hired, trained, supervised and disciplined Defendants Dilley and Unknown APD Officers.

11. Defendant State of New Mexico failed to train, supervise or discipline all other Defendants and refused to affirmatively act once advised of the Defendants' transgressions.

12. Defendant New Mexico State Police failed to train, supervise or discipline Defendants Dilley and Unknown APD Officers and refused to affirmatively act once advised of the Defendants' transgressions.

13. Defendant City of Albuquerque failed to train, supervise or discipline all other Defendants and refused to affirmatively act once advised of the Defendants' transgressions.

14. Defendant Albuquerque Police Department failed to train, supervise or discipline all other Defendants and refused to affirmatively act once advised of the Defendants' transgressions.

15. Defendant Jerry Galvin, Chief of the Albuquerque Police Department, failed to train, supervise or discipline all other Defendants and refused to affirmatively act once advised of the Defendants' transgressions.

16. All acts and violations complained of herein took place in the City of Albuquerque, County of Bernalillo, State of New Mexico.

17. Venue in this Court is proper.

### FACTUAL ALLEGATIONS

18. On or about May 4, 2001, the Plaintiffs were in Plaintiff Jeremy Mondragon's 1998 Dodge pickup truck when they drove up to the home in the South Valley of Albuquerque.

19. As the Plaintiffs pulled to the curb in front of the residence, numerous individuals in "plain clothes" surrounded the vehicle and would not allow the Plaintiffs to leave the area.

20. Subsequently, one of the plain clothed individuals produced a badge, informed the Plaintiffs that the plain clothed

individuals were law enforcement officers, and ordered the Plaintiffs out of the vehicle.

21. After seizing the Plaintiffs and ordering the Plaintiffs out of the vehicle, Defendant Dilley informed the Plaintiffs that the Defendants were conducting a search of the residence and requested to search Plaintiffs' vehicle.

22. Plaintiff Jeremy Mondragon attempted to explain to the Defendants that the Plaintiffs had broken no laws and refused to consent to search the 1998 Dodge pickup.

23. After refusing to grant the Defendants consent to search the vehicle, the Plaintiffs were taken into the residence being searched and interrogated by the Defendants.

24. Defendant Dilley informed the Plaintiffs that their refusal to allow Defendants to search the vehicle was sufficient grounds for the Defendants to search the vehicle without Plaintiffs' consent.

25. Defendants conducted an unlawful and unreasonable search of the Plaintiffs' vehicle. No probable cause or exigent circumstances existed.

26. Defendants located and confiscated Sixty-seven Thousand, Five Hundred Dollars ($67,500.00) in United States currency in Plaintiffs' vehicle. Defendants also confiscated the 1998 Dodge pickup truck. No evidence of any illegal activity was located during the Defendants' unlawful and unreasonable search and seizure of the Plaintiffs or the vehicle.

27. As of the filing of this Complaint, Defendants have failed to initiate forfeiture proceedings under the Controlled

Substance Act.

28. Although the Defendants were executing a valid search warrant of the residence, the Plaintiffs were not targets of that investigation. No illegal contraband was located on the Plaintiffs or in the vehicle that would justify the forfeiture of the United States currency and vehicle.

29. Defendants New Mexico State Police, Albuquerque Police Department, City of Albuquerque and Chief Jerry Galvin have failed to train the other Defendants in the requirements to conduct a lawful investigation, search, seizure and arrest of subjects and their property. Defendant New Mexico State Police, Albuquerque Police Department, City of Albuquerque and Chief Jerry Galvin have instituted a custom to ignore and circumvent all legal protections possessed by all suspects in the community at large. Defendants New Mexico State Police, Albuquerque Police Department, City of Albuquerque and Chief Jerry Galvin encourage investigations based on rumor, innuendo and false statements proffered in trade for lenity. Defendants New Mexico State Police, Albuquerque Police Department, City of Albuquerque and Chief Jerry Galvin approve and encourage warrantless searches and seizures of people, things and property. Defendants New Mexico State Police, Albuquerque Police Department, City of Albuquerque and Chief Jerry Galvin encourage deception to cause forfeiture of private property.

30. The Plaintiffs were unlawfully deprived of legitimate funds and have suffered financial hardships, and will continue to suffer financial hardships, by the acts of the Defendants.

31. The Plaintiffs were unlawfully deprived of the use of the

vehicle by acts of the Defendants. Plaintiffs have had to procure other transportation at a substantial cost and inconvenience.

32.     The Plaintiffs have incurred the additional and unnecessary expense of retaining an attorney to defend and recover their property, in the amount of One Hundred Fifty Dollars ($150.00) per hour.

33.     CAUSE OF ACTION I: The Defendants, while acting under the color of state law, did subject the Plaintiffs, citizens of the United States, to the deprivation of rights, privileges and immunities secured by the United States Constitution, specifically the Fourth Amendment which is applicable to the states through the Fourteenth Amendment and actionable pursuant to 42 U.S.C. § 1983.

34.     CAUSE OF ACTION II:  The Defendants, while acting under the color of state law, did subject the Plaintiffs, citizens of the United States, to the deprivation of rights, privileges and immunities secured by the United States Constitution, specifically the due process clause of the Fourteenth Amendment which is actionable pursuant to 42 U.S.C. § 1983.

35.     CAUSE OF ACTION III:  The Defendants Law Enforcement Officers, acting within the scope of their duties, did negligently deprive the Plaintiffs of their right to be free from unreasonable search and seizure as guaranteed by the New Mexico Constitution, Article II, Section 10, and the Fourth Amendment of the United States Constitution, which is actionable pursuant to the New Mexico Tort Claims Act.

36.     CAUSE OF ACTION IV:   The Plaintiffs have suffered personal injury and damages resulting from the violation of the

privilege secured by the New Mexico Constitution, Article II, Section 4, specifically the illegal deprivation of property, contrary to the right to possess and protect property, which was caused by Defendants Law Enforcement Officers while acting withing the scope of their duties.

37. CAUSE OF ACTION V: The Plaintiffs have suffered personal and bodily injury and damages in the form of emotional damages resulting from the violation of privileges secured by the New Mexico Constitution, Article II, Section 4, specifically the illegal deprivation of property, contrary to the right to possess and protect property, which was caused by Defendants Law Enforcement Officers acting within the scope of their duties.

38. CAUSE OF ACTION VI: The Plaintiffs have suffered personal injury and damages resulting from the violation of the privilege secured by the New Mexico Constitution, Article II, Section 18, specifically the denial of due process of law, which was caused by Defendants Law Enforcement Officers while acting within the scope of their duties.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in an amount to be determined at jury trial, for actual damages and punitive damages in an amount that will deter Defendants and others from such wrongful conduct in the future and punish them for their behavior as alleged in this Complaint; Plaintiffs' attorney fees; costs of this action; and any such further relief the Court deems appropriate.

Respectfully submitted,

_____
Anthony James Ayala
Attorney for Plaintiffs
P. O. Box 1966
Albuquerque, NM 87103
(505) 247-4321
(505) 247-4441 (Fax)