ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNEST MONDRAGON and
JEREMY MONDRAGON,

Plaintiffs,

vs.                                                           NO. CIV-01-0651 WWD/LCS

STATE OF NEW MEXICO, ex rel.,
NEW MEXICO STATE POLICE, an
agency of the State of New Mexico;
THECITY OF ALBUQUERQUE;
ALBUQUERQUE POLICE DEPARTMENT;
JERRY GALVIN, Albuquerque Police Chief;
OFFICER ROBERT DILLEY; and
ALBUQUERQUE POLICE OFFICERS
WHOSE TRUE NAMES ARE UNKNOWN,

Defendants.

## DEFENDANTS', CITY OF ALBUQUERQUE, ALBUQUERQUE POLICE DEPARTMENT AND JERRY GALVIN, ORIGINAL ANSWER

COMES NOW, Defendants, THE CITY OF ALBUQUERQUE, ALBUQUERQUE POLICE DEPARTMENT and JERRY GALVIN, [hereinafter, Defendants, City and Chief], by and through their attorney of record, Kenneth C. Downes and Associates, P.C. (Kenneth C. Downes) and for their Answer to the Complaint of the Plaintiff filed in the above-entitled cause states, as follows:

1. Defendants, City and Chief, are without knowledge or information sufficient to form a belief as to the truth of Paragraph(s) 1, 2, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 30, 31, 32 and therefore denies the same and demands strict proof



thereof.

2. Defendants, City and Chief, admit as true the allegations contained in Paragraph(s) 4, 6, 16, and 17 of the Complaint.

3. Defendants, City and Chief, deny as untrue the allegations contained in Paragraph(s) 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 25, 29, 33, 34, 35, 36, 37, and of the Complaint.

## AFFIRMATIVE DEFENSES

A. The Complaint, and each and every Count and allegation therein, fails to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6).

B. To the extent Plaintiff's Complaint asserts pending State law claims, said claims are barred by the provisions of the Statute of Limitations of the New Mexico Tort Claims Act, Section 41-4-1 through 27 NMSA 1978 (Repl. 1998) and Plaintiff's failure to comply with the Notice provisions of the Act.

C. Defendant Galvin has qualified immunity from liability under 42 U.S.C. §1983 as he acted in good faith under the reasonable belief that his actions were within the scope of his official capacity and did not violate Plaintiff's rights. *Will v Michigan Dept of State Police*, 491 U.S. 58, 67-71, 109 S.Ct. 2304, 2310-12 (1989).

D. The actions of Defendants, and each of them, were lawful and in good faith and all Defendants are entitled to qualified immunity for their actions.

E. Defendants actions were authorized by a valid warrant, objectively

reasonable under the circumstances, authorized by clearly established law and taken in accordance with 1978 NMSA §§ 30-31-34(D)(F), and 30-31-35(B)(1)(4), known as the forfeiture provisions of the Controlled Substances Act, as either fruits of or instrumentalities of a conspiracy to possess or distribute controlled substances.

F. Defendants were acting in good faith with probable cause to believe that the property in question was used or is intended to be used in violation of the Controlled Substances Act.

G. Plaintiffs' injuries, if any, were proximately caused by independent intervening causes for which Defendants are not liable and were not proximately caused by Defendants.

H. Plaintiffs' assertion of the Fifth Amendment privilege waived his right to a timely forfeiture hearing (*State ex rel. Albuquerque Police Dept. v One Black 1983 Chevy Van*, 120 NM 280, 901 P2d 211 (Ct. App. 1995)), otherwise waived or failed to assert his right to a revocation hearing, despite notice, or alternatively defaulted upon any such hearing or right.

I. Under the New Mexico Tort Claims Act, punitive damages are not recoverable against any Defendant.

J. Plaintiffs have failed to mitigate his damages.

K Any injuries and damages incurred by Plaintiff resulted solely from Plaintiff's assumption of the risk associated with such injuries and damages, or from her own careless, reckless, negligent and/or criminal conduct.

L. To the extent Plaintiff alleges any state law claims, even if Defendants were negligent, which they hereby specifically deny, Plaintiff and/or other third parties were comparatively negligent thereby reducing Plaintiff's right to recover any damages against Defendant.

M. To the extent Plaintiffs alleges any state law claims and in the event Defendants are found to be liable to Plaintiff for the claims and injuries stated in this Complaint, which claims and injuries have been specifically denied by Defendant, Defendant is entitled to an offset against any damages that he may be found liable for against Plaintiff's comparative fault and negligence.

**WHEREFORE**, Defendants respectfully ask that this Court dismiss Plaintiffs' Complaint with Prejudice and award Defendants with costs and attorney fees in regard to Plaintiff's Complaint, and grant Defendants judgment against Plaintiff and for such further relief as the Court deems just and proper.

Respectfully submitted,

KENNETH C. DOWNES & ASSOCIATES, P.C.

BY: _____
Kenneth C. Downes
Donald D. Sullivan
Attorneys for Defendants City and Chief
500 Marquette, N.W., Suite 640
Albuquerque, New Mexico 87102
Phone (505) 243-0816

I hereby certify that a correct
copy of the foregoing was
mailed to:

Anthony James Ayala
P.O. Box 1966
Albuquerque, NM  87102

on this 29 day of June, 2001.

_____