IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNEST MONDRAGON and
JEREMY MONDRAGON,

    Plaintiffs,

vs.          CIV-01 0651

STATE OF NEW MEXICO, ex rel.,
NEW MEXICO STATE POLICE, an
Agency of the State of New Mexico;
THE CITY OF ALBUQUERQUE;
JERRY GALVIN, Albuquerque Police Chief;
OFFICER ROBERT DILLEY; and
ALBUQUERQUE POLICE OFFICERS
WHOSE TRUE NAMES ARE UNKNOWN,

    Defendants.

## NEW MEXICO STATE POLICE'S ANSWER TO PLAINTIFFS' COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS

COMES NOW Defendant New Mexico State Police, by and through their attorney, Risk Management Division, Legal Bureau (John E. DuBois), hereby responds to Plaintiffs' Complaint as follows:

1. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 1 of the Plaintiffs' Complaint.

2. Defendant New Mexico State Police admit the allegations contained in Paragraph 2 of the Plaintiffs' Complaint, except Defendant denies that any of Plaintiffs' constitutional rights were violated or any damages resulted from Defendant's actions.

3. The allegations contained in Paragraph 3 of Plaintiffs' Complaint calls for legal conclusion that cannot be admitted or denied. To the extent the allegations in said Paragraph contains factual allegations, they are denied.

4. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 4 of the Plaintiffs' Complaint, and therefore denies same.

5. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 5 of the Plaintiffs' Complaint, and therefore denies same.

6. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 6 of the Plaintiffs' Complaint, and therefore denies same.

7. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 7 of the Plaintiffs' Complaint, and therefore denies same.

8. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 8 of the Plaintiffs' Complaint, and therefore denies same.

9. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 9 of the Plaintiffs' Complaint, and therefore denies same.

10. Defendant New Mexico State Police denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Defendant New Mexico State Police denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Defendant New Mexico State Police denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to truth of the allegations contained in Paragraph 13 of the Plaintiffs' Complaint, and therefore denies same.

14. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to truth of the allegations contained in Paragraph 14 of the Plaintiffs' Complaint, and therefore denies same.

15. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 15 of the Plaintiffs' Complaint, and therefore denies same.

16. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 16 of the Plaintiffs' Complaint, and therefore denies same.

17. The allegations contained in Paragraph 17 of Plaintiffs' Complaint calls for legal conclusion that cannot be admitted or denied. To the extent the allegations in said Paragraph contains factual allegations, they are denied.

## **FACTUAL ALLEGATIONS**

18. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 18 of the Plaintiffs' Complaint, and therefore denies same.

19. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 19 of the Plaintiffs' Complaint, and therefore denies same.

20. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 20 of the Plaintiffs' Complaint, and therefore denies same.

21. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 21 of the Plaintiffs' Complaint, and therefore denies same.

22. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 22 of the Plaintiffs' Complaint, and therefore denies same.

23. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 23 of the Plaintiffs' Complaint, and therefore denies same.

24. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 24 of the Plaintiffs' Complaint, and therefore denies same.

25. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 25 of the Plaintiffs' Complaint, and therefore denies same.

26. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 26 of the Plaintiffs' Complaint, and therefore denies same.

27. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 27 of the Plaintiffs' Complaint, and therefore denies same.

28. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 28 of the Plaintiffs' Complaint, and therefore denies same.

29. Defendant New Mexico State Police denies those allegations contained in Paragraph 29 of Plaintiffs' Complaint that pertain to Defendant New Mexico State Police; Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegations contained in Paragraph 29 of the Plaintiffs' Complaint that pertain to the City of Albuquerque defendants, and therefore denies same.

30. Defendant New Mexico State Police denies the allegation contained in Paragraph 30 of the Plaintiffs' Complaint.

31. Defendant New Mexico State Police denies the allegation contained in Paragraph 31 of the Plaintiffs' Complaint.

32. Defendant New Mexico State Police has insufficient information, knowledge, and/or belief as to the truth of the allegation contained in Paragraph 32 of the Plaintiffs' Complaint, and therefore denies same.

33. Defendant New Mexico State Police denies the allegation set forth in Paragraph 33 of the Plaintiffs' Complaint.

34. Defendant New Mexico State Police denies the allegation set forth in Paragraph 34 of the Plaintiffs' Complaint.

35. Defendant New Mexico State Police denies the allegation set forth in Paragraph 35 of the Plaintiffs' Complaint.

36. Defendant New Mexico State Police denies the allegation set forth in Paragraph 36 of the Plaintiffs' Complaint.

37. Defendant New Mexico State Police denies the allegation set forth in Paragraph 37 of the Plaintiffs' Complaint.

38. Defendant New Mexico State Police denies the allegation set forth in Paragraph 38 of the Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every Count and allegation therein, fails to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

The acts or omissions of persons other than Defendant New Mexico State Police constitute the sole proximate cause of the injuries and damages, if any, alleged by the Plaintiffs. Plaintiffs failed to mitigate

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant New Mexico State Police are, of course, barred by the 11th Amendment to the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole, or in part, by the doctrines of qualified immunity. At all times relevant hereto, Defendant New Mexico State Police acted in good faith, without malice, and within the scope of its lawful duties.

## FIFTH AFFIRMATIVE DEFENSE

In this Complaint, and the following complaints filed by Plaintiffs' counsel, Anthony Ayala:

USDC Civ. 00-00448    Task Force v. One 1995 GMC

USDC Civ. 01-01644    Hossencofft v. City of Albuquerque, et al.

USDC Civ. 01-00007    Saldana v. State of New Mexico, et al.

USDC Civ. 01-00125    Valenzuela v. State of New Mexico, et al.

USDC Civ. 01-00218    Albuquerque Police Dept. v. Mercury Sable VIN, et al.,

Plaintiffs' counsel has, in bad faith, brought frivolous and spurious civil claims against law enforcement agencies where there was a pending criminal case involving a forfeiture apparently in the belief that this created some kind of double jeopardy argument under federal or New

Mexico state law. This "tactic" has resulted in unnecessary civil litigation that is clogging the court docket. Plaintiffs' counsel should be barred from bringing any more of these kinds of suits.

                                                            Respectfully submitted,

                                      _____
                                      John E. DuBois, Esq.
                                      Attorney for Defendant
                                      New Mexico State Police
                                      P.O. Drawer 26110
                                      Santa Fe, NM 87502-0110
                                      (505) 827-2202
                                      (505) 827-0593 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a correct copy of the foregoing pleading was mailed to counsel of record on this 25th day of July, 2001.

Anthony James Ayala, Esq.
Attorney for the Plaintiffs
P.O. Box 1966
Albuquerque, NM 87102

Kenneth C. Downes, Esq.
Donald D. Sullivan, Esq.
Attorneys for the Defendants City and Chief
500 Marquette, N.W.
Suite 640
Albuquerque, NM 87102

_____
John E. DuBois, Esq.